UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff,<br><br>    v.<br><br>MICHAEL MARR, JAVIER SANCHEZ, GREGORY CASORSO, and VICTOR MARR,<br><br>                Defendants. | Case No. 14-cr-00580-PJH<br><br>**PRETRIAL ORDER NO. 1** |

This matter came on for hearing on defendants' pretrial motions on June 1, 2016. For the reasons set forth on the record and summarized below, the court ORDERS as follows:

    1.    Defendants' motion to strike the term "bid rigging" from the indictment as surplusage is DENIED. Doc. no. 71. The term is both relevant and material to the charges in that it describes the alleged conduct underlying the Sherman Act counts, and is neither unduly prejudicial nor inflammatory.

    2.    Defendants' motion to suppress evidence of mail fraud or bank fraud seized during the execution of search warrants is DENIED. Doc. no. 69. The facts set forth in the search warrant affidavit, which included details about Use of the United States Mail and Interstate Carriers, such as records of mailings, and evidence of use of checks, are sufficient to support probable cause to believe that evidence of mail fraud and bank fraud would be found at the searched premises. Probable cause does not require specific evidence of each element of an offense. *U.S. v. Thornton*, 710 F.2d 513, 515 (9th Cir. 1983) (citation omitted).

3. Defendants' motion for early disclosure of the government's witness and exhibit lists is GRANTED. Doc. no. 70. The government shall disclose its trial exhibit list and witness list by **August 1, 2016**. The court has previously ordered, by order entered January 22, 2016, that the parties shall file motions in limine, pretrial statements, proposed jury instructions, and a proposed form of verdict by **August 3, 2016**. Responses to the motions in limine must be filed by **August 17, 2016**.

4. The parties are ordered to file supplemental briefs on defendants' motion to suppress warrantless audio recordings by **June 10, 2016**. Doc. no. 68. Defendants conceded at the hearing that they do not seek suppression of the video portion of the warrantless recordings. Defendants shall specify their requests for information about how the recordings of their communications were used by the government and/or law enforcement. The government shall identify all the uses of the recordings of communications in which defendants have been identified. The parties shall provide an audio copy of the recordings at issue. After reviewing the supplemental filings, the court will determine whether to set a further hearing on the motion to suppress.

5. Defendants' motions for a bill of particulars (doc. no. 65), to dismiss the mail fraud counts (doc. no. 67), and to adjudicate the Sherman Act allegations pursuant to the rule of reason (doc. no. 66) are taken under submission. The court will issue a ruling after hearing argument on the motions filed in *United States v. Florida, et al.*, CR 14-582 PJH.

**IT IS SO ORDERED.**

Dated: June 2, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge

2