1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,
                                              Case No.  14-cr-00580-PJH
8              Plaintiff,

9         v.                                  **ORDER DENYING MOTION TO SEVER**

10   MICHAEL MARR, JAVIER SANCHEZ,
     GREGORY CASORSO, and VICTOR
11   MARR,

12             Defendants.

13

14        This matter came on for hearing on October 5, 2016, on the motions to sever filed

15   by defendants Victor Marr (doc. no. 146), Javier Sanchez (doc. no. 147), and Michael

16   Marr (doc. no. 149).  Counsel for Sanchez and Michael Marr withdrew their motions to

17   sever based on the government's statements, both in its opposition brief and on the

18   record, that the government will introduce only defendant Gregory Casorso's statements

19   that do not directly refer to his codefendants and that only refer to Casorso's own role

20   and participation in the charged bid-rigging conspiracy, as indicated in the highlighted

21   portions of the witness interview report filed by the government, through the testimony of

22   FBI Special Agent Deborah Bond.  Doc. no. 176, Ex. A (filed under seal).  The

23   government indicated during the hearing that it would also seek to introduce a round

24   sheet written by Casorso with names redacted, which was not submitted with the

25   opposition papers.  The court directed defense counsel to meet and confer with the

26   government about the proposed redactions, and to file a stipulation if the parties resolved

27   Sanchez and Michael Marr's challenges under *Bruton v. United States*, 391 U.S. 123

28   (1968), with respect to the round sheet.

United States District Court
Northern District of California

United States District Court
Northern District of California

1      Counsel for Victor Marr did not concede that the redactions were sufficient to avoid

2   a *Bruton* violation, and argued that severance was proper under both Rule 8 and Rule 14

3   of the Federal Rules of Criminal Procedure.  Victor Marr's motion to sever is DENIED for

4   the following reasons:

5      1.      Victor Marr has not shown that he was improperly joined with his

6   codefendants under Rule 8, either under (1) the "overlapping evidence" test for whether

7   "the common activity constitutes a substantial portion of the proof of the joined charges,"

8   or (2) the test for some "logical relationship" between the acts or transactions, beyond

9   mere factual similarity, which may be shown by the existence of a common plan, scheme

10   or conspiracy.  *United States v. Maranghi*, 718 F. Supp. 1450, 1451-52 (N.D. Cal. 1989)

11   (quoting *United States v. Ford*, 632 F.2d 1354, 1371 (9th Cir. 1980); *United States v.*

12   *Roselli*, 432 F.2d 879, 899 (9th Cir. 1970)) (internal citations and marks omitted).  Victor

13   Marr argues that he will be prejudiced by joinder because he is only charged in the

14   Alameda County bid-rigging count, and there is no overlap of proof between the alleged

15   Alameda County conspiracy and the Contra Costa County bid-rigging conspiracy charged

16   against Michael Marr and Sanchez.

17      First, the government has sufficiently demonstrated that evidence will overlap

18   between both counts, showing that the system of bid-rigging worked the same way in

19   both Contra Costa and Alameda counties, with the secondary rounds being operated in a

20   similar way in both counties, and that witnesses will testify about both counties, making

21   joinder proper.  *See Roselli*, 432 F.2d at 899 ("Because of this large area of overlapping

22   proof, trial economy and convenience were served by joinder, and because the area of

23   proof that would be inadmissible at separate trials was relatively small, any additional

24   prejudice to the defendants from the joinder was slight.").

25      Second, the government has shown that the transactions in both counties bear a

26   logical relationship in that they occurred according to a common plan or scheme to rig the

27   public auctions in both counties.  *See United States v. Vasquez-Velasco*, 15 F.3d 833,

28   844 (9th Cir. 1994) ("A logical relationship is typically shown by the existence of a

1   common plan, scheme, or conspiracy.") (internal citation and marks omitted).  The

2   common scheme was not merely carried out by a similar modus operandi, but involved

3   many of the same participants in both counties and an agreement to refrain from bidding

4   at the public auctions and to carry out the secondary rounds.  The government has

5   sufficiently shown that defendants have participated in "the same series of acts or

6   transactions," making joinder proper under Rule 8(b).

7           2.      Victor Marr moves to sever under Rule 14, arguing that his right to

8   confrontation and cross-examination of codefendant Casorso would be violated under

9   *Bruton* because Victor Marr acted at the direction of Casorso and Michael Marr, and that

10  because the evidence will show that Victor Marr attended most of the rounds with

11  Casorso, Casorso's admissions would be attributed to Victor Marr.  Victor Marr's *Bruton*

12  challenge falls squarely within *Richardson v. Marsh*, 481 U.S. 200, 207-08 (1987), limiting

13  protection under the *Bruton* rule to "only those statements that 'clearly inculpate' the

14  defendant or are 'powerfully incriminating,'" and subsequent Ninth Circuit authority

15  following *Marsh.  See United States v. Hoac*, 990 F.2d 1099, 1105 (9th Cir. 1993) ("this

16  court has held that a co-defendant's statement that does not incriminate the defendant

17  unless linked with other evidence introduced at trial does not violate the defendant's Sixth

18  Amendment rights") (citing *United States v. Sherlock*, 865 F.2d 1069, 1080 (9th Cir.

19  1989), *amended*, 962 F.2d 1349 (9th Cir. 1992)).  Based on the government's

20  representations that defendant Casorso's statements will be introduced through Agent

21  Bond's testimony, redacted to avoid any reference to the names of the other defendants,

22  and subject to proper jury instructions, Victor Marr's motion to sever pursuant to *Bruton* is

23  DENIED.

24          Victor Marr also seeks relief under Rule 14 on the ground that joinder would be

25  prejudicial because he would be found guilty by association with his codefendants.  His

26  arguments that the great majority of the evidence relates only to the other defendants,

27  and that his participation in rounds does not establish that he was a member of any

28  criminal conspiracy, go to the weight of the evidence and do not demonstrate that joinder

United States District Court
Northern District of California

3

1   would be "'so manifestly prejudicial that it outweighs the dominant concern with judicial

2   economy and compels the exercise of the court's discretion to sever.'"  *United States v.*

3   *Doe*, 655 F.2d 920, 926 (9th Cir. 1980) (quoting *United States v. Brashier*, 548 F.2d

4   1315, 1323 (9th Cir. 1976)).  Proper instructions and a verdict form that would make clear

5   that Victor Marr is only charged with conspiracy to rig bids in Alameda County, would

6   minimize any risk that he would be found guilty based on evidence related to the Contra

7   Costa County bid-rigging count.  The government has demonstrated that joinder would

8   not be prejudicial under the four-factor test set forth in *United States v. Fernandez,* 388

9   F.3d 1199, 1241 (9th Cir. 2004), *modified by* 425 F.3d 1248 (9th Cir. 2005):

10      i.   the jury will be able to collate and appraise the individual evidence against

11           each defendant, where each defendant played a different role in the

12           conspiracy and the two conspiracies are easily compartmentalized into two

13           separate counties.

14      ii.  the court will remain diligent in giving appropriate limiting instructions; in

15           particular, Ninth Circuit Model Criminal Jury Instructions 1.13 and 3.13

16           specifically instruct on separate consideration for each defendant and each

17           count.

18      iii. the ordinary juror's competence in evaluating the evidence and applicable

19           legal concepts has not been brought into question at this juncture, and

20           Victor Marr has not met his burden to show that jurors would not be able to

21           follow the limiting instruction.  *See U.S. v. Nelson*, 137 F.3d 1094, 1108 (9th

22           Cir. 1998) ("a defendant seeking severance based on the 'spillover' effect of

23           evidence admitted against a co-defendant must also demonstrate the

24           insufficiency of limiting instructions given by the judge") (internal citations

25           omitted).

26      iv.  the risk that a joint trial would compromise a defendant's trial right or

27           prevent the jury from making a reliable judgment about guilt or innocence

28           would be minimized by proper instructions which instruct the jury that it

4

United States District Court
Northern District of California

must reach a verdict on any count and as to any defendant independently,
and that a verdict "on any count as to any defendant should not control your
verdict on any other count or as to any other defendant."  Ninth Cir. Model
Criminal Jury Instruction 3.13.

Victor Marr's motion to sever pursuant to Rule 14 on the ground of prejudice is DENIED
based on the court's finding that the public interest in judicial economy favors joint trial
and weighs against severance, in the absence of a showing that joinder would be
prejudicial.

**IT IS SO ORDERED.**

Dated:  October 11, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge