UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL MARR,
JAVIER SANCHEZ, and
GREGORY CASORSO

Defendants.

Case No. 14-cr-00580-PJH-1

**ORDER ISSUING FINAL JURY INSTRUCTIONS; RULING ON DISPUTED INSTRUCTIONS**

Having heard argument on the jury instructions remaining in dispute, including defendants' supplemental requested jury instructions, doc. no. 286, the court adopts the instructions jointly submitted by the parties in doc. no. 256, subject to defendants' reserved objections, adding Gregory Casorso's name to the bracketed portion of Instruction No. 30 on Defendant's Decision to Testify, and tailoring the bracketed portions of Instruction No. 33 on What Is Not Evidence. The court rules on the disputed instructions for the reasons stated on the record and as set forth below:

1. Defendants' first supplemental requested jury instruction proposes a description of the conspiracy charges using the language of the indictment. Doc. no. 286 at 1. Having reviewed the instructions and the indictment, the court GRANTS defendants' request to include a description of the conspiracy as charged in the indictment because several instructions, including No. 20 on Elements of the Bid Rigging Offenses and No. 21 on Bid Rigging, expressly refer to the conspiracy as charged or alleged in the indictment. Because the jury will not be provided with the indictment, these references to the indictment could potentially be confusing without providing a description

of the conspiracy "as charged" in the indictment. The court overrules the government's objections that using the language of the indictment would be duplicative of the summary of charges included in Instruction No. 37, and that the government is not required to prove all the allegations of the indictment, because the jury will only be required to find the elements of bid rigging, including "that the conspiracy described in the indictment existed at or about the time alleged."

Rather than modifying Instruction No. 28 on Charges Not Evidence - Presumption of Innocence, as proposed by defendants, the court determines that the description of the conspiracy as charged in the indictment provides helpful context to the jury in Instruction No. 20 on Elements of the Bid Rigging Offenses, which is hereby modified in ¶ 1 as shown below in bold:

> Each defendant is charged with one or two counts of bid rigging, in violation of the Sherman Act, Section 1 of Title 15 of the United States Code. **One count of the indictment charges the defendants Michael Marr, Javier Sanchez, and Gregory Casorso with entering into and engaging in a conspiracy which consisted of a continuing agreement, understanding, and concert of action among the defendants and coconspirators to suppress competition by refraining from and stopping bidding against each other to purchase hundreds of selected properties at public auctions in Alameda County at non-competitive prices. Another count of the indictment charges the defendants Michael Marr and Javier Sanchez with entering into and engaging in a conspiracy that consisted of a continuing agreement, understanding and concert of action among the defendants and coconspirators to suppress competition by refraining from and stopping bidding against each other to purchase hundreds of selected properties at public auctions in Contra Costa County at non-competitive prices.**
>
> [¶] In order to establish the offense of conspiracy to rig bids as charged in the indictment, the government must prove each of these elements beyond a reasonable doubt:
>
> *One*, that the conspiracy described in the indictment existed at or about the time alleged:
>
> *Two*, that the defendant knowingly became a member of the conspiracy; and
>
> *Three*, that the conspiracy described in the indictment occurred within the flow of interstate commerce.

> If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty.
>
> If, on the other hand, you find from your consideration of all of the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

Because the court will give Instruction No. 19 on Per Se Violations of the Antitrust Laws, the jury will not be required to find whether the bid rigging conspiracy resulted in an unreasonable restraint of trade or whether the prices were actually non-competitive. Pursuant to the court's earlier rulings that this is a per se case, no argument as to reasonableness or lack of economic harm will be permitted in closing.

2. Defendants' requested instruction on Sherman Act Violations is DENIED for the reasons set forth in Pretrial Order No. 5, in light of the evidence presented at trial.

3. Defendants' requested instruction on rounds is DENIED as argumentative and potentially misleading and confusing; the court adopts the government's proposed instruction on rounds, doc. no. 255, which is hereby designated as Instruction No. 39-A, and will be renumbered as No. 39 when given to the jury.

4. Defendants' requested instruction on multiple conspiracies is DENIED; the court will give the Ninth Circuit model instruction without modification, as previously ordered.

5. Defendants' requested instruction on testimony of cooperating witnesses is GRANTED IN PART to include the individual names of the witnesses in Instruction No. 40, to which the government does not object. Their request to include the third paragraph is DENIED as duplicative of Instruction No. 42, in light of defense counsel's agreement to use the model instructions.

6. Defendants' request to instruct on an internal agreement between owners and employees is DENIED as duplicative of the identical language in Instruction No. 21 on Bid Rigging, as conceded by defense counsel.

7. Instruction No. 39 on Statements by Defendant has been WITHDRAWN by the government with no objection by defendants.

The final version of the jury instructions is attached to this order as Appendix 1.

**IT IS SO ORDERED.**

Dated: June 1, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge